**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

PENNSYLVANIA DEMOCRATIC PARTY,    :   No. 133 MM 2020
NILOFER NINA AHMAD, DANILO    :
BURGOS, AUSTIN DAVIS, DWIGHT    :
EVANS, ISABELLA FITZGERALD,    :
EDWARD GAINEY, MANUEL M. GUZMAN,    :
JR., JORDAN A. HARRIS, ARTHUR    :
HAYWOOD, MALCOLM KENYATTA,    :
PATTY H. KIM, STEPHEN KINSEY, PETER    :
SCHWEYER, SHARIF STREET, AND    :
ANTHONY H. WILLIAMS    :
    :
    :
    :
            v.    :
    :
    :
    :
KATHY BOOCKVAR, IN HER CAPACITY    :
AS SECRETARY OF THE    :
COMMONWEALTH OF PENNSYLVANIA;    :
ADAMS COUNTY BOARD OF ELECTIONS;    :
ALLEGHENY COUNTY BOARD OF    :
ELECTIONS; ARMSTRONG COUNTY    :
BOARD OF ELECTIONS; BEAVER    :
COUNTY BOARD OF ELECTIONS;    :
BEDFORD COUNTY BOARD OF    :
ELECTIONS; BERKS COUNTY BOARD OF    :
ELECTIONS; BLAIR COUNTY BOARD OF    :
ELECTIONS; BRADFORD COUNTY    :
BOARD OF ELECTIONS; BUCKS COUNTY    :
BOARD OF ELECTIONS; BUTLER    :
COUNTY BOARD OF ELECTIONS;    :
CAMBRIA COUNTY BOARD OF    :
ELECTIONS; CAMERON COUNTY BOARD    :
OF ELECTIONS; CARBON COUNTY    :
BOARD OF ELECTIONS; CENTRE    :
COUNTY BOARD OF ELECTIONS;    :
CHESTER COUNTY BOARD OF    :
ELECTIONS; CLARION COUNTY BOARD    :
OF ELECTIONS; CLEARFIELD COUNTY    :
BOARD OF ELECTIONS; CLINTON    :
COUNTY BOARD OF ELECTIONS;    :
COLUMBIA COUNTY BOARD OF    :
ELECTIONS; CRAWFORD COUNTY    :

BOARD OF ELECTIONS; CUMBERLAND :
COUNTY BOARD OF ELECTIONS; :
DAUPHIN COUNTY BOARD OF :
ELECTIONS; DELAWARE COUNTY :
BOARD OF ELECTIONS; ELK COUNTY :
BOARD OF ELECTIONS; ERIE COUNTY :
BOARD OF ELECTIONS; FAYETTE :
COUNTY BOARD OF ELECTIONS; :
FOREST COUNTY BOARD OF :
ELECTIONS; FRANKLIN COUNTY BOARD :
OF ELECTIONS; FULTON COUNTY :
BOARD OF ELECTIONS; GREENE :
COUNTY BOARD OF ELECTIONS; :
HUNTINGDON COUNTY BOARD OF :
ELECTIONS; INDIANA COUNTY BOARD :
OF ELECTIONS; JEFFERSON COUNTY :
BOARD OF ELECTIONS; JUNIATA :
COUNTY BOARD OF ELECTIONS; :
LACKAWANNA COUNTY BOARD OF :
ELECTIONS; LANCASTER COUNTY :
BOARD OF ELECTIONS; LAWRENCE :
COUNTY BOARD OF ELECTIONS; :
LEBANON COUNTY BOARD OF :
ELECTIONS; LEHIGH COUNTY BOARD OF :
ELECTIONS; LUZERNE COUNTY BOARD :
OF ELECTIONS; LYCOMING COUNTY :
BOARD OF ELECTIONS; MCKEAN :
COUNTY BOARD OF ELECTIONS; :
MERCER COUNTY BOARD OF :
ELECTIONS; MIFFLIN COUNTY BOARD :
OF ELECTIONS; MONROE COUNTY :
BOARD OF ELECTIONS; MONTGOMERY :
COUNTY BOARD OF ELECTIONS; :
MONTOUR COUNTY BOARD OF :
ELECTIONS; NORTHAMPTON COUNTY :
BOARD OF ELECTIONS; :
NORTHUMBERLAND COUNTY BOARD OF :
ELECTIONS; PERRY COUNTY BOARD OF :
ELECTIONS; PHILADELPHIA COUNTY :
BOARD OF ELECTIONS; PIKE COUNTY :
BOARD OF ELECTIONS; POTTER :
COUNTY BOARD OF ELECTIONS; :
SCHUYLKILL COUNTY BOARD OF :
ELECTIONS; SNYDER COUNTY BOARD :
OF ELECTIONS; SOMERSET COUNTY :
BOARD OF ELECTIONS; SULLIVAN :

COUNTY BOARD OF ELECTIONS;                              :
SUSQUEHANNA COUNTY BOARD OF                             :
ELECTIONS; TIOGA COUNTY BOARD OF                        :
ELECTIONS; UNION COUNTY BOARD OF                        :
ELECTIONS; VENANGO COUNTY BOARD                         :
OF ELECTIONS; WARREN COUNTY                             :
BOARD OF ELECTIONS; WASHINGTON                          :
COUNTY BOARD OF ELECTIONS; WAYNE                        :
COUNTY BOARD OF ELECTIONS;                              :
WESTMORELAND COUNTY BOARD OF                            :
ELECTIONS; WYOMING COUNTY BOARD                         :
OF ELECTIONS; AND YORK COUNTY                           :
BOARD OF ELECTIONS                                      :
                                                        :
                                                        :
PETITION OF: KATHY BOOCKVAR, IN                         :
HER CAPACITY AS SECRETARY OF THE                        :
COMMONWEALTH OF PENNSYLVANIA                            :

## CONCURRING AND DISSENTING STATEMENT

**JUSTICE WECHT**                          **FILED:  September 3, 2020**

I join the order granting the motion to intervene ostensibly filed on behalf of the Senate Republican Caucus—notwithstanding the reservations as to the propriety of unicameral legislative standing I expressed in my concurring statement in *Disability Rights Pennsylvania v. Boockvar*, 83 MM 2020.  I also join the denial of intervention as to the remaining applications.

I dissent from the Court's grant of intervention to the Republican Party of Pennsylvania, however, because I do not agree that the political entity has satisfied the requirements for intervention under Pa.R.A.P. 2327.  The party claims "a substantial and particularized interest in defending this action to preserve the structure of the competitive environment in which their supported candidates participate and to ensure that Pennsylvania carries out free and fair elections," Application for Leave to Intervene, 7/27/2020, at 5, but ventures what amounts to a general concern in maintaining the electoral status quo.  A generalized grievance of this variety is insufficient to justify

intervention under these circumstances. *See Hollingsworth v. Perry*, 570 U.S. 693, 707 (2013) (dismissing appeal for lack of standing where petitioners, sponsors of Proposition 8, a constitutional amendment banning same-sex marriage in California, "ha[d] no role— special or otherwise—in the enforcement of" the proposition, and "therefore ha[d] no 'personal stake' in defending its enforcement that [wa]s distinguishable from the general interest of every citizen of California").

In seeking to intervene in defense of a state law, the Republican Party of Pennsylvania can claim only the *prospect* of injury to its political interests, which does not constitute a cognizable basis upon which to intervene in this case. Whether certain or, as in this case, merely conjectural, the political consequences of a decision at odds with a party's policy preferences are not the law's concern, only the merit of Petitioners' constitutional challenges to the legal status quo vis-à-vis the conduct of elections.

Furthermore, even if the party satisfied the requirements of Rule 2327, it is difficult to imagine that the Senate Republican Caucus would fail to represent their interests entirely, and the state GOP offers no theories in that connection. The party enjoys no law-making prerogatives whatsoever; it lacks even an elector's vote. Its injury is political, not legal, and is secondary to the constitutional questions presented.

In implicitly determining that the Republican Party's interests in this case satisfy Rule 2327, this Court invites a host of other circumstances in which interest groups can claim the right to intervene based solely on their concern about the secondary effects of a given lawsuit's outcome. Accordingly, I dissent.